**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

DARRYL BLOUNT                          :
1210 4ᵗʰ Avenue                        :
Essington, PA 19029                    :
                    Plaintiff          :
    v.                                 :
                                       :
SPECIAL PEOPLE IN                      :
    NORTHEAST, INC. *d/b/a SPIN*       :
10501 Drummond Road                    :
Philadelphia, PA 19154-3807            :      Civil Action No. _____
                                       :
    and                                :
                                       :
ENOCH GEORGE                           :
1741 Bleigh Avenue, #1                 :      Jury Trial Demanded
Philadelphia, PA 19111                 :
                    Defendants  :

_____

## CIVIL COMPLAINT

Plaintiff, Darryl Blount, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action against Special People in Northeast, Inc. doing business as SPIN and Enoch George, for harassment, discrimination, and retaliation, in violation of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et. seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951 – 963, with regard to religion and religious affiliation.

Plaintiff alleges and avers in support thereof:

## **Parties**

1.      Plaintiff, Darryl Blount, is an adult male individual, and practicing Muslim, that worked for Special People in Northeast, Inc. doing business as SPIN, as a Lead Direct Support Professional, during times relevant to this litigation, and Plaintiff resides at the above captioned address.

2.      Defendant, Special People in Northeast, Inc. doing business as SPIN, ("Defendant SPIN") is a domestic nonprofit corporation residing and duly existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at the above captioned address, and was, at all times relevant, Plaintiff's employer.

3.      Defendant, Enoch George, is an adult male individual, employee of Defendant SPIN, and, at all times relevant, was a Supervising Manager and a direct supervisor to Plaintiff that whom is believed to reside at the above captioned address. On information and belief, Defendant, Enoch George, is not Muslim.

4.      Defendant SPIN accepted, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, officers, managers, supervisors, employees, and agents, including Defendant Enoch George and Human Resources' Maureen Geiss.

**Jurisdiction and Venue**

5.     Subject matter jurisdiction is proper before this Court as the case involves a Federal Question, 28 U.S.C. §1331, and the Court has supplemental jurisdiction, 28 U.S.C. §1367, over the state law causes of action.

6.     Venue is proper before this Court as Defendants reside, and all actions giving rise to this litigation occurred, in the Eastern District of Pennsylvania.

7.     Plaintiff exhausted administrative remedies by having timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and Pennsylvania Human Relations Commission ("PHRC"), and having received a Right to Sue and more than a year having passed since the initial filing.

**Statement of Material Facts**

8.     Plaintiff worked for Defendant SPIN as a Direct Support Professional ("DSP") from July 27, 2007 to July 2, 2025, when Defendants terminated Plaintiff.

9.     Plaintiff was paid hourly, plus overtime, and as of the time of his termination, Plaintiff earned around $88,000 annually, with benefits.

10.     Plaintiff was, at all times relevant, qualified for his position as DSP and had obtained the rank of "Lead" DSP, with regard to being a Union represent.

11.     Plaintiff had a mild disciplinary history and good work performance.

12.     In or around September 2024, Defendant SPIN made Defendant, Enoch George, a Supervising Manager and thus a direct supervisor to Plaintiff.

13. Within months, Defendant George learned Plaintiff is Muslim and that Plaintiff practices the religion of Islam.

14. Defendant George harassed Plaintiff about Plaintiff's religion, including making comments, sending messages, and sending videos that are/were negative and threatening towards Islam and Muslims generally.

15. Defendant George excluded Plaintiff from workplace activities and opportunities, including excluding Plaintiff from a group photo and intentionally ordering food that Plaintiff was unable to eat because of his religious practices.

16. Defendant George ridiculed and abused Plaintiff over Plaintiff's prayer schedule.

17. For example, and not inclusive of all, Defendant George instant messaged Plaintiff that "Muslims make so many claims that they can't prove. There is no historical evidence to back anything they say."

18. Defendant George instant messaged Plaintiff, in relevant part,: "…you are believing a sinful man [the Prophet Mohammed] who copy from the Bible and claimed to be given a message by angel with no clarity of who the Angel was and me who believed in Jesus, the true son of God. ***You guys have been misled and the time will come when you will realize but it will be too late***. … So many evidence to prove that Mohammed was never a messenger from God." (emphasis added)

4

19.   By way of further example, and not inclusive of all, Defendant George instant messaged Plaintiff videos including: "This is the Difference, Islam is a Death Cult," "The Quran Proves Islam Was Written by Satan", "How Satan Fooled Muhammad, Islam is Evil", "Dear Muslims Stop Listening to Sheikhs and Imams, Study the Quaran Yourself, Islam is Evil", and "The Pervert Prophet, Islam is all about Sex."

20.   By way of further example, and not inclusive of all, Defendant George sent Plaintiff a Facebook Message stating that Defendant George had read stories and books and the Prophet Mohammed: contradicts himself, lacks morality, killed men and took their wives, slept with women without consent, and that many innocent people have died in the name of his religion (i.e. Islam).  A video reiterating the foregoing was attached to the message.

21.   Plaintiff blocked Defendant George from the messenger platform thereafter, but Defendant George continued to verbally harass Plaintiff about his religion.

22.   On information and belief, co-workers and peers observed the harassment.

23.   On information and belief, Plaintiff might have voluntarily or involuntarily demoted during times relevant to the harassment.

24.    On Monday, June 30, 2025, Plaintiff verbally complained to Human Resources about Defendant George's religious harassment and a hostile work environment, with regard to Plaintiff's religion.

25.    Defendants terminated Plaintiff effective Wednesday, July 2, 2025.

26.    The termination letter, also dated July 2, 2025, provides that Defendant SPIN has no confidence in Plaintiff's willingness or ability to fulfill his job requirements.

27.    Defendants claim that the same day that Plaintiff complained, there was suspicion that Plaintiff was sleeping at work; a claim Plaintiff denies as pretext to the underlying discrimination and retaliation.

28.    Plaintiff denies and opposes his termination entirely as pretext to the underlying religious discrimination and as retaliation.

29.    Plaintiff maintains that similarly situated persons outside Plaintiff's protected class were treated more favorably.

30.    On information and belief, Defendants replaced Plaintiff with a person outside his protected class.

31.    On information and belief, Defendant George was involved in the decision to terminate Plaintiff, was involved in the fabrications of reasons for Plaintiff's termination, did all these adverse employment actions and/or compelled

and coerced others to take adverse actions against Plaintiff all in furtherance of discrimination and retaliation.

**COUNT ONE**
**Hostile Work Environment**
*Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2*
**Plaintiff v. Defendant SPIN**

32.    Plaintiff incorporates the foregoing as if set forth at length herein.

33.    Defendant SPIN is an employer under 42 U.S.C. § 2000 *et. seq* as it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

34.    Plaintiff is a person and thus is protected under 42 U.S.C. §2000 *et. seq.* and has a protected class in his religion.

35.    Under 42 U.S.C. § 2000e-2 it shall be an unlawful employment practice for an employer – to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

36.    At all times, Plaintiff was qualified as the Lead DSP.

37.    Defendant SPIN subjected Plaintiff to harassment and a hostile work environment by and through direct supervisor, Defendant George, as Defendant George (i) made comments and engaged in conduct alleged *Supra,* which was

motivated by Plaintiff's religion, (ii) which was unwelcome, (iii) which was severe and pervasive, (iv) which had the intent or effect of creating an unreasonably hostile work environment, (iv) which resulted in adverse employment action including discipline and termination, and (v) Defendant George is/was a supervisor and thus Defendant SPIN is responsible for Defendant George *vis-à-vis respondeat superior* liability.

38.     As a direct and proximate result of Defendants' harassment and discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

39.     Defendant SPIN's actions were willful and wanton and thus require the imposition of Punitive Damages.

40.     Plaintiff seeks attorney's fees and costs.

41.     Plaintiff seeks equitable remedies.

WHEREFORE, Plaintiff, Darryl Blount, hereby demands judgment in his favor and against Defendant, Special People in Northeast, Inc. doing business as SPIN, for any and all damages and relief deemed necessary and just by the Court.

8

**COUNT TWO**
**Religion Discrimination and Disparate Treatment**
*Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2*
**Plaintiff v. Defendant SPIN**

42.    Plaintiff incorporates the foregoing as if set forth at length herein.

43.    Defendant SPIN discriminated against and disparately treated Plaintiff in relation to similarly situated employees outside his protected classes.

44.    Defendants were overly critical of Plaintiff's work, disciplined him, forced him to demote, and terminated Plaintiff as alleged *Supra*.

45.    Defendants treated similarly situated employees outside Plaintiff's protected class and religious affiliation more favorably.

46.    On information and belief, Defendants replaced Plaintiff with persons outside Plaintiff's protected classes.

47.    As a direct and proximate result of Defendant SPIN's disparate treatment and discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expense, emotional damages, pain and suffering, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

48.    Defendant SPIN's actions were willful and wanton and thus require Punitive Damages.

49.    Alternatively, as Defendant SPIN's foregoing conduct was motivated, in part, by discrimination on the basis of gender and/or religion, Plaintiff is entitled

9

to a charge for mixed-motive discrimination and thus the imposition of attorney's fees.

WHEREFORE, Plaintiff, Darryl Blount, hereby demands judgment in his favor and against Defendant, Special People in Northeast, Inc. doing business as SPIN, for any and all damages and relief deemed necessary and just by the Court.

### COUNT THREE
### Retaliation
### *Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2*
### Plaintiff v. Defendant SPIN

50.    Plaintiff incorporates the foregoing as if set forth at length herein.

51.    Under Title VII it shall be a violation to retaliate against any person who has complained and/or opposed any conduct that is a violation of Federal discrimination law.

52.    Plaintiff engaged in protected activity when he complained on June 30, 2025 that he was being harassed, discriminated against, and targeted due to his religion and religious beliefs.

53.    Defendants took adverse actions against Plaintiff, which was/were contemporaneous or after Plaintiff's protected activity, in having disciplined and terminated him on July 2, 2025.

54.    The temporal proximity between Plaintiff's protected activity and the adverse employment actions give rise to an inference of retaliation.

55.    Plaintiff was terminated within hours of his complaint (at most a day), which is unusually suggestive considering Plaintiff's nearly 18 years of employment, and this temporal proximity is so close and unusually suggestive that no further evidence that the termination was motivated by retaliation is needed.

56.    There is also evidence of antagonism and animus towards Plaintiff that gives rise to an inference of retaliation, including the fact that all of the disciplinary actions were raised after the complaint and that Defendant created post hoc a story about Plaintiff being unavailable on June 30, 2025 as a mere cover story to hide the fact he actually had complained that day of religious discrimination.

57.    Defendant SPIN's reasons for having terminated Plaintiff are pretext to the underlying discrimination and retaliation.

58.    As a direct and proximate result of Defendant SPIN's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, loss of enjoyment of life, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

59.    Defendant SPIN's actions were willful and wanton and thus require the imposition of Punitive Damages.

11

WHEREFORE, Plaintiff, Darryl Blount, hereby demands judgment in his favor and against Defendant, Special People in Northeast, Inc. doing business as SPIN, for any and all damages and relief deemed necessary and just by the Court.

**COUNT FOUR**
**Harassment, Discrimination, and Retaliation**
*Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951-963*
**Plaintiff v. Defendant SPIN and Defendant George**

60.    Plaintiff incorporates the foregoing as if set forth at length herein.

61.    Defendant SPIN is an employer under 43 P.S. §951 *et. seq.* as it employs the requisite number of individuals (four) within the Commonwealth of Pennsylvania to be subject to the Pennsylvania Human Relations Act ("PHRA").

62.    Defendant George is an employer under the PHRA and liable as he aided, abetted, compelled, coerced, and/or caused the wrongful harassment, discrimination, and retaliation against Plaintiff, in violation of the PHRA.

63.    Defendant George is/was a Managing Supervisor of Defendant SPIN, and thus he binds Defendant SPIN under *respondeat superior.*

64.    Plaintiff is an employee as he is employed by an employer.

65.    Plaintiff has a protected classes in his religion.

66.    Defendants harassed and subjected Plaintiff to a hostile work environment on the basis of his religion, as alleged *Supra.*

12

67. Defendant discriminated against and disparately treated Plaintiff on the basis of his religion, as alleged *Supra.*

68. Defendant retaliated against Plaintiff for protected activity, as alleged *Supra*.

69. As a direct and proximate result of Defendant's harassment, discrimination, and retaliation, Plaintiff has loss of wages, loss of back pay, loss of front pay, out of pocket expenses, pain, suffering, mental anguish, loss of reputation, and other damages.

70. Plaintiff seeks attorney's fees and costs.

71. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed motive theory of liability.

WHEREFORE, Plaintiff, Darryl Blount, hereby demands judgment in his favor and against Defendant, Special People in Northeast, Inc. doing business as SPIN, and Defendant, Enoch George, for any and all damages and relief deemed necessary and just by the Court.

13

DEREK SMITH LAW GROUP, PLLC

*/s/ Christopher J. DelGaizo, Esquire*
Christopher J. DelGaizo, Esq.
Attorney for Plaintiff

*Attorney I.D. No. 200594*
1628 Pine Street
Philadelphia, PA 19103
T: (215) 391-4790
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: April 28, 2026

14